AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)         Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

United States of America
v.
Alberto Escareno Sanchez

Case No: CR-20-36-M-DLC
USM No: 18046-046

Date of Original Judgment: 08/17/2021
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 47.) Defendant is ineligible.

Part B, subpart 1 provides a two-level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant's criminal history score was zero but he is ineligible for a sentence reduction under the retroactive application of Amendment 821 because Defendant admitted to possessing a firearm and used credible threats of violence in connection with the instant offense. (Doc. 54 ¶¶ 31–32). Additionally, Defendant is ineligible for a sentence reduction because he received a below-guideline sentence of 120 months, which was the statutory mandatory minimum sentence required by 21 U.S.C. § 841(a)(1) and (b)(1)(A) and a downward variance from the 135–168-month guideline range. (*See* Doc. 53 at 1, 3.) Thus, a two-level offense level reduction under Amendment 821 Part B, subpart 1 would not have the effect of lowering the Defendant's mandatory minimum sentence and his motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 1/17/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*